IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **RANDALL YOUNG,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Civil Action Number:** |
| | : | |
| **PROFESSIONAL** | : | |
| **TRANSPORTATION, INC., and** | : | <u>**Jury Trial Demanded**</u> |
| **RONALD D. ROMAIN,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, Randall Young ("Plaintiff" or "Young") by and through the undersigned counsel, brings this complaint against Defendants Professional Transportation, Inc. ("Professional") and Ronald D. Romain ("Romain") and pleads as follows:

## INTRODUCTION

### 1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) receive minimum wage for work weeks in which the employer failed to pay him minimum wage and an additional like amount as liquidated damages; (2) recover overtime pay that was denied him and an additional amount as

liquidated damages; (3) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Professional is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Fulton County, Georgia.

5.

Professional employed Plaintiff as a driver in and around Atlanta, Georgia and surrounding states from March 2010 until August 15, 2010.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of Professional as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about March 2010 until August 15, 2010, Plaintiff has been "engaged in commerce" as an employee of Defendant Professional as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and  in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Defendant Professional is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Defendant Professional has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about March 2010 until August 15, 2010, Defendant Professional was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2010, Defendant Professional had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2010, Defendant Professional had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

13.

During 2010, Defendant Professional had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

At all times material hereto, Defendant Professional has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

15.

Defendant Professional contracts with CSX to provide transportation services for its employees.

16.

Plaintiff was never employed by CSX.

17.

Defendant professional does not operate a railroad within the meaning of the Railway Labor Act.

18.

At all times relevant, Plaintiff was required to report to Defendant Professional's depot (the "Depot") in Atlanta Georgia at the beginning of his work day.

19.

Upon arriving at the Depot, Plaintiff would be assigned a key to a van.

20.

Plaintiff waited at the Depot until assigned a job.

21.

The time Plaintiff spent waiting at the Depot was compensable time within the meaning of the FLSA.

22.

Defendant Professional regularly and unpredictably assigns drivers to perform transportation duties.

23.

Plaintiff could not use waiting time effectively for his own purposes because he was subject to assignment immediately at any time.

24.

Plaintiff performed both local and out of state transportation for Defendant Professional.

25.

At all times relevant, the vehicles operated by Plaintiff on behalf of Defendant Professional weighed 10,000 pounds or less.

26.

At all times relevant, the vehicles operated by Plaintiff on behalf of Defendant Professional seated eight passengers (including the driver).

27.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff did not transport more than eight passengers (including himself) during any trip.

28.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff did not transport hazardous waste within the meaning of the SAFETEA-LU Technical Corrections Act of 2008 ("SAFETEA"), Pub.L. No. 110-244 Section 306, 122 Stat. 1572 (2008).

29.

Defendant Professional's principal office address is 3700 East Morgan Avenue, Evansville, Indiana 47715-2240.

30.

Defendant Professional is subject to the personal jurisdiction of this Court.

31.

Defendant Professional may be served with process through its Registered Agent, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, GA 30096.

32.

Defendant Romain resides within Vanderburgh County, Indiana.

33.

At all times material hereto, Defendant Romain exercised operational control over the work activities of Plaintiff.

34.

At all times material hereto, Defendant Romain was involved in the day to day operation of the Professional facility in which Plaintiff worked.

35.

At all times material hereto, Defendant Professional vested Defendant Romain  with supervisory authority over Plaintiff.

36.

At all times material hereto, Defendant Romain exercised supervisory authority over Plaintiff.

37.

At all times material hereto, Defendant Romain scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

38.

At all times material hereto, Defendant Romain exercised authority and supervision over Plaintiff's compensation.

39.

At all times material hereto, Defendant Romain has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

40.

Defendant Romain is subject to the personal jurisdiction of this Court.

41.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

42.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

43.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

44.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

45.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

46.

At all times relevant to this suit and while an employee of Defendant Professional, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

47.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

48.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

49.

From on or about March 2010 through August 15, 2010, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

50.

From on or about March 2010 through August 15, 2010, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

51.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

54.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

55.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

56.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

57.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2010 through August 15, 2010.

58.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from March 2010 through August 15, 2010.

59.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about March 2010 through August 15, 2010 due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count II, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER          / S/ CHARLES R. BRIDGERS
101 MARIETTA STREET            CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303         GA. BAR NO. 080791
(404) 979-3171
(404) 979-3170 (f)             /S/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com    GA. BAR NO. 262375
woodydelong@dcbflegal.com
                               / S/ EARNEST H. DELONG
                               EARNEST H. DELONG
                               GEORGIA BAR NO. 217300

                               COUNSEL FOR PLAINTIFF